FILED
Clerk
District Court
JUN 19 2018
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| STAR MARIANAS AIR, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> COMMONWEALTH PORTS AUTHORITY, and DOES I–IV, <br><br>  Defendants. | Case No.: 17-cv-00012 <br><br> **DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S REQUEST FOR LEAVE TO AMEND** |

Plaintiff Star Marianas Air, Inc. brings this lawsuit against Defendants Commonwealth Ports Authority ("CPA") and Does I–IV for alleged violations of the Anti-Head Tax Act and breach of contract. (First Am. Compl. ("FAC"), ECF No. 2.) Defendant CPA seeks to dismiss for lack of subject matter jurisdiction. (Mot. to Dismiss, ECF Nos. 10–11.) Plaintiff opposes the motion, and also seeks leave to amend should the Court grant the motion to dismiss. (Resp. Br. 8, ECF No. 14.)

For the reasons discussed below, Defendant's motion to dismiss is GRANTED, and Plaintiff's request for leave to amend the breach of contract claim is also GRANTED.

## I.   BACKGROUND

Plaintiff is an airline that, in 2009, entered into an agreement with Defendant CPA, which controls and operates the airports in the Commonwealth, to lease and use areas of the commuter terminals on Saipan, Tinian, and Rota. (*See* Agreement, Ex. C, ECF Nos. 4-3 and 4-4.)

Under the Agreement, Star Marianas Air agreed to adhere to the CPA Airport Rules and Regulations (*see* Agreement sec 7.14, ECF No. 4-4 at 3), and to pay a departure facility charge,

1

international arrival facility charge, and in-transit passenger service charge. (*Id*. sec. 7.01, ECF No. 4-4 at 29.) The charges "are or may be computed on a per-passenger basis." (*Id*.) In exchange for payment of these charges, CPA must adjust the amount of the fees to ensure that they are "reasonable and non-discriminatory rates." (*Id*. sec. 7.05, ECF No. 4-3 at 32.) Further, CPA must mail Star Marianas Air a copy of the proposed airport budgets and consider any comments received regarding the fee rates. (*Id*. sec. 7.08, ECF No. 4-3 at 33–34.) Plaintiff must also have "reasonable access" to Defendant's records, and has a "right to audit the financial data used" to determine the fee rates. (*Id*. sec. 7.10, ECF No. 4-4 at 1.) Finally, if CPA determines that Plaintiff has paid in excess of what is required, Plaintiff is entitled to a refund. (*Id*.)

Plaintiff is now suing Defendants, arguing that the charges calculated on a per-passenger basis violate the Anti-Head Tax Act ("AHTA"). Under the AHTA, a state actor "may not levy or collect a tax, fee, head charge, or other charge" on individuals traveling in air commerce. 49 U.S.C. § 40116(b)(1). Plaintiff claims that the per-passenger user fees charged in the Agreement are on their face a head tax. (FAC ¶¶ 87–95.) Plaintiff also claims that Defendants breached the Agreement by (1) failing to provide it with a copy of its proposed annual budget; (2) failing to adjust annual fees as appropriate to recover only operational costs; (3) failing to provide operating cost financial information and charging a head tax instead of rates related to operational costs; and (4) charging Plaintiff fees that exceed the amount permitted under the terms of the contract. (*Id.* ¶¶ 51–52, 58–61, 77–85.)

CPA now seeks to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Mot., ECF No. 10.) Specifically, CPA asserts that the AHTA does not provide a private

right of action and Plaintiff has failed to exhaust its administrative remedies, and without a federal claim, the Court lacks supplemental jurisdiction over the breach of contract claim. (*Id.* at 5.)

## II. LEGAL STANDARD

"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Rule 12(b)(1) challenges may be facial or factual. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, a court must assume the allegations in the complaint to be true and "draw all reasonable inferences in [plaintiff's] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (internal citations omitted). By contrast, in a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. Once the moving party submits affidavits or other evidence, the opposing party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

## III. DISCUSSION

Defendant CPA contends that the Court lacks subject matter jurisdiction because the AHTA does not provide a private right of action. (Mot. 5.) Thus, according to CPA, Plaintiff must exhaust

3

administrative remedies before filing suit, and because it has not done so, the Court has no supplemental jurisdiction over the remaining breach of contract claim. (Mot. 5.) Plaintiff responds that there is a private right of action and there is no requirement to exhaust administrative remedies. (*See generally* Resp. Br., ECF No. 14.) Plaintiff further requests leave to amend the complaint if the Court grants the motion to dismiss the AHTA claim. (*Id*. at 8.)

### A. Whether the AHTA Contains A Private Right of Action

CPA contends that there is no private right of action under the AHTA. (Mot. 5–8.) Plaintiff responds that the apparent circuit split demonstrates that the Court may find that there is a private right of action. (Resp. Br. 3–5.)

To determine whether a federal statute confers an implied right of action, a court must apply the four-factor test from *Cort v. Ash*. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1231 (9th Cir. 2008). The four factors are (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted"; (2) whether there is evidence of legislative intent to create or deny a remedy; (3) whether the cause of action is "consistent with the underlying purposes of the legislative scheme"; and (4) whether the cause of action is "traditionally relegated to state law." *Id*. (quoting *Cort*, 422 U.S. 66, 78 (1975)). The "key inquiry in this calculus" is the second factor. *Id*. (internal quotation omitted). "And as with any case involving the interpretation of a statute," the analysis "must begin with the language of the statute itself." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Greene v. Sprint Commc'n Co.*, 340 F.3d 1047, 1050 (9th Cir. 2003). The legal context "matters only to the extent it clarifies text." *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001).

The relevant statutory text of the Anti-Head Tax Act is as follows:

> (b) Prohibitions.--Except as provided in subsection (c) of this section and section 40117 of this title, a State, a political subdivision of a State, and any person that has purchased or leased an airport under section 47134 of this title may not levy or collect a tax, fee, head charge, or other charge on--
>
>> (1) an individual traveling in air commerce;
>> (2) the transportation of an individual traveling in air commerce;
>> (3) the sale of air transportation; or
>> (4) the gross receipts from that air commerce or transportation.
>
> (c) Aircraft taking off or landing in State.--A State or political subdivision of a State may levy or collect a tax on or related to a flight of a commercial aircraft or an activity or service on the aircraft only if the aircraft takes off or lands in the State or political subdivision as part of the flight.
>
> (e) Other allowable taxes and charges.--Except as provided in subsection (d) of this section, a State or political subdivision of a State may levy or collect--
>
>> (1) taxes (except those taxes enumerated in subsection (b) of this section), including property taxes, net income taxes, franchise taxes, and sales or use taxes on the sale of goods or services; and
>> (2) reasonable rental charges, landing fees, and other service charges from aircraft operators for using airport facilities of an airport owned or operated by that State or subdivision.

49 U.S.C. § 40116.

The Ninth Circuit has long held that the Federal Aviation Act, which includes the AHTA, was "intended to benefit equally both airline passengers and employees." *In re Mexico City Aircrash of Oct. 31, 1979*, 708 F.2d 400, 406 (9th Cir. 1979). Thus, the first *Cort* factor is satisfied. However, absent congressional intent to create a private right of action, this factor is not determinative. *Id*.

As for the second and "key" factor—congressional intent—there is no dispute that the statute lacks an express right of action. However, the U.S. Courts of Appeal are split as to whether this factor weighs in favor of or against finding an implied right of action. Specifically, the Seventh and Tenth Circuits have found that there is no implied right of action under the AHTA, and the First and Sixth Circuits have found that there is. The Ninth Circuit has not addressed the issue.

The cases decided by the First and Sixth Circuits held that, because the text of the AHTA did not refer to the Secretary of Transportation and therefore did not refer to the regulatory enforcement scheme overseen by the Secretary, the AHTA was not subject to the administrative enforcement provisions of the FAA, which suggested Congress intended to create a private right of action. *Nw. Airlines, Inc. v. Cnty. of Kent, Mich.*, 955 F.2d 1054, 1058 (6th Cir. 1992), *rev'd on other grounds by* 510 U.S. 355 (1994); *Interface Grp., Inc. v. Mass. Port Auth.*, 816 F.2d 9, 16 (1st Cir. 1987). Additionally, the courts relied on legislative history indicating that Congress viewed airlines as a "kind of surrogate" for passengers, and concluded that airlines, on behalf of passengers, would have an incentive to file challenges to any tax imposed, again indicating that Congress intended for private enforcement of the statute. *Nw. Airlines, Inc.*, 955 F.2d at 1058; *Interface Grp., Inc.*, 816 F.2d at 16.

By contrast, the Seventh and Tenth Circuits relied on a Supreme Court decision post-dating the decisions of the First and Sixth Circuit to conclude that there was no private right of action under the AHTA. Specifically, the Supreme Court stated that the "Secretary of Transportation is charged with administering the federal aviation laws, including the AHTA." *Nw. Airlines, Inc. v. Cnty. of Kent*, 510 U.S. 355, 366–67 (1994). Given this description, the Seventh and Tenth Circuits concluded that the AHTA was subject to the administrative enforcement scheme overseen by the Secretary of

6

Transportation. *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 730–31 (7th Cir. 2001); *Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162 (10th Cir. 2001). In addition, the Seventh Circuit considered subsection (e) of the AHTA, which permits "reasonable" fees and charges to be levied but does not define "reasonable." *Miller Aviation*, 272 F.3d at 730–31. According to the Seventh Circuit, this subsection indicated that the Secretary of Transportation was better positioned to determine whether charges were reasonable and further suggested that Congress intended for the AHTA to be governed by the administrative enforcement scheme. *Id.*

The Court finds the reasoning of the Seventh and Tenth Circuits persuasive. First, these cases take into account more fully the statutory relationship between the AHTA and entire FAA. The AHTA is listed under subpart I of Part A of the FAA. 49 U.S.C. § 46101(a)(1), which is listed under subpart IV of Part A, states that "A person may file a complaint in writing with the Secretary of Transportation . . . about a person violating this *part*." The text therefore indicates that a complaint with the Secretary may be lodged for violating any provision within Part A, including the AHTA provisions. Further, given the FAA's "emphasis on administrative regulation and enforcement" it seems "highly improbable that Congress absentmindedly forgot to mention an intended private action." *In re Mexico City Aircrash of Oct. 31, 1979*, 708 F.2d at 407 (quoting *Transam. Mortg. Advisors*, 444 U.S. 11, 20 (1979)).

Finally, the interpretive approach taken by the Seventh and Tenth Circuits is consistent with the Supreme Court's more restrictive method for finding implied causes of action that was adopted following the decisions from the First and Sixth Circuits. *See Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843, 1855 (2017) (noting that the Court has "adopted a far more cautious course before finding

implied causes of action" because "where Congress intends private litigants to have a cause of action, the far better course is for Congress to confer that remedy in explicit terms."). The Ninth Circuit has also recognized that, since 2001, the Supreme Court has "narrowed the framework for evaluating whether a statute implies a private cause of action." *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013). Having considered the statutory language and structure of the AHTA and FAA, and being mindful of the Supreme Court's more recent approach to finding implied rights of action, the Court finds that the AHTA, as part of the FAA, is governed by the administrative enforcement scheme and that there is no congressional intent to create an implied right of action.

As there is no congressional intent to create a private right of action, the Court need not assess the third and fourth *Cort* factors. *In re Mexico City Aircrash of Oct. 31, 1979*, 708 F.2d at 408. In sum, the Court finds that there is no private right of action under the AHTA and Plaintiff may not maintain its claim.

**B. Whether Plaintiff Must Exhaust Administrative Remedies**

Defendant submits that if there is no private right of action, Plaintiff must exhaust administrative remedies before any lawsuit seeking judicial review may be filed. (Mot. 8–9.) In opposition, Plaintiff insists that no statutory provision mandates exhaustion. (Resp. Br. 6.)

Here, the Court has already determined that there is no private right of action under the AHTA, in part, because of the extensive administrative enforcement scheme under the Federal Aviation Act. As set forth above, any "person may file a complaint in writing with the Secretary of Transportation . . . about a person violating this part." 49 U.S.C. § 46101(a). This "part" refers to Part A of Title 49, and the AHTA is listed within subpart IV of Part A, indicating that the enforcement scheme is

applicable to the AHTA. Without a private right of action, the only method through which a plaintiff could eventually seek judicial review is to first lodge a complaint with the Secretary and proceed with the administrative enforcement process. Accordingly, the Court finds that Plaintiff is required to exhaust its administrative remedies and the AHTA claim must be dismissed.

### C. Supplemental Jurisdiction Over the Breach of Contract Claim

Defendant seeks to dismiss the breach of contract claim on the ground that, without the AHTA claim, the Court lacks supplemental jurisdiction over it. (Motion 9–10.) Plaintiff seeks leave to amend the claim, arguing that the alleged breaches raise substantial federal questions. (Resp. Br. 8.)

Because the Court has concluded that there is no private right of action under the AHTA and the federal question claim must be dismissed, the Court will also dismiss the breach of contract claim for lack of jurisdiction. However, this case is in the early stages of litigation and no answer to the First Amended Complaint has been filed. Accordingly, Plaintiff's request for leave to amend the breach of contract claim is granted.

//

/

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF Nos. 10, 11) is GRANTED.

Plaintiff's request for leave to amend the breach of contract claim is GRANTED.

IT IS SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
   **Designated Judge**
**Dated: Jun 19, 2018**